No. 03-6353

File Name: 04a0063n.06

Filed: November 2, 2004

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DEWEY WATKINS, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE MIDDLE |
| ELECTRONIC DATA SYSTEMS | ) DISTRICT OF TENNESSEE |
| CORPORATION, | ) |
| | ) |
| Defendant-Appellee. | ) |

Before:     **NELSON** and **COOK**, Circuit Judges, and **WEBER**, District Judge.[*]

**Per Curiam**.  The plaintiff, Dewey Watkins, was fired when, in violation of an

express directive from his supervisor, he asked the State of Tennessee to cancel a computer

access code that had been assigned to him and was being used (with the supervisor's

approval) by another authorized employee.  The code provided access to confidential records

maintained for Tennessee's Medicaid program.

Invoking Tennessee law, Mr. Watkins sued his former employer, Electronic Data

Systems Corporation ("EDS"), for retaliatory discharge.  His theory was that the company's

sharing of the access code breached the confidentiality of patients' records, in violation of

---

[*]The Honorable Herman J. Weber, United States District Judge for the Southern District of
Ohio, sitting by designation.

Tennessee law and public policy, and that EDS had fired him for refusing to participate in this "illegal" conduct. Mr. Watkins neither alleged nor presented proof that the access code had been used by anyone other than an authorized user for legitimate business purposes.

The district court entered summary judgment for EDS. The court held that the sharing of the access code with another authorized user did not violate any statute, regulation, or public policy of the state of Tennessee, and that Watkins had no protected right to obtain the cancellation of the code in violation of his supervisor's orders. Mr. Watkins perfected a timely appeal.

Upon de novo review, we conclude that the material facts of the case are not in dispute; that the district court applied Tennessee law to the facts correctly; and that for our court to prepare a detailed opinion would be duplicative of the district court's efforts and would serve no useful jurisprudential purpose. Accordingly, the challenged judgment is **AFFIRMED** on the basis of the district court's well-reasoned opinion.